UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LENA JOHNSON, et al.,**

    **Plaintiffs,**

        v.                        Civil Action No. 11-494 (JMF)

**DISTRICT OF COLUMBIA,**

    **Defendant.**

### MEMORANDUM OPINION

This case was referred for all purposes. Currently pending and ready for resolution is Plaintiffs' Motion for an Award of Attorney's Fees and Costs [#29].

Plaintiffs in this case ("the Johnson case") are the parents of two students, E.J. and B.S., who prevailed in actions brought against the District of Columbia pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, *et seq.*[1] ("IDEA"). In the motion currently before the Court, plaintiffs seek an additional award of attorney's fees and costs.

### DISCUSSION

Defendant first argues that plaintiffs' petition is barred by an April 11, 2011 consent order that was issued in Cox v. District of Columbia, Civil Action No. 09-1720 ("the Cox case"). It then argues that 1) plaintiffs failed to establish that they were prevailing parties; 2) plaintiffs' request of an hourly rate of $450 is inappropriate; and 3) plaintiffs have already received sufficient reimbursement in this case. Each argument will be considered in turn.

---

[1] All references to the United States Code or the District of Columbia Code are to the electronic versions that appear in Westlaw or Lexis.

I.  The April 11, 2011 Consent Order does Not Bar an Award of Additional Fees and Costs

The following chart provides a combined timeline of the pertinent history in both cases:

| DATE | CASE | EVENT |
| --- | --- | --- |
| 3/8/11 | Johnson | Complaint [#1] filed. |
| 3/30/11 | Johnson | Defendant's Answer to the Complaint [#7] filed. |
| 4/11/11 | Cox | Consent Order [#23] issued by Judge Kessler. |
| 7/4/11 | Johnson | Plaintiffs' Motion for Summary Judgment [#14] filed. |
| 8/5/11 | Johnson | Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment [#15] filed. |
| 3/20/12 | Johnson | Memorandum Opinion [#21] and Order [#20] issued by Judge Facciola granting in part and denying in part [#14]. |

The following chart shows the history of plaintiffs' fee requests in both cases:

| CASE | PLAINTIFF | INVOICE DATE | DATES OF WORK | RESOLUTION |
| --- | --- | --- | --- | --- |
| Cox | Lena Johnson | 7/26/09[2] | 4/28/09 - 7/14/09 | Resolved by 4/11/11 Consent Order [#23] |
|  | Brenda Smith | 8/25/09[3] | 4/15/09 - 8/25/09 |  |
| Johnson | Lena Johnson | 12/30/09[4] | 7/20/09 - 12/29/09 |  |
|  |  | 6/1/10[5] | 1/5/10 - 5/14/10 |  |
|  | Brenda Smith | 3/26/10[6] | 9/3/09 - 3/26/10 |  |
|  |  | 5/25/12[7] | 2/23/11 - 5/24/12 |  |

---

[2] See Cox v. D.C., Civil Action No. 09-1720, Plaintiffs' Motion for Summary Judgment [#12-5] at 1.

[3] See Cox v. D.C., Civil Action No. 09-1720, [#12-11] at 1.

[4] See Johnson v. D.C., Civil Action No. 11-494, Plaintiffs' Motion for Summary Judgment [#14-6] at 1.

[5] See Johnson v. D.C., Civil Action No. 11-494, [#14-11] at 1.

[6] See Johnson v. D.C., Civil Action No. 11-494, [#14-17] at 1.

[7] See Johnson v. D.C., Civil Action No. 11-494, [#29-4] at 1-3.

As these charts indicate, the consent order issued by Judge Kessler on April 11, 2011, compensated plaintiffs for the services counsel rendered from April 28, 2009 to August 25, 2009. My opinion, however, compensated counsel for the services performed for plaintiff Lena Johnson from July 20, 2009 to May 14, 2010[8] and for Brenda Smith from September 3, 2009 to March 26, 2010.[9]

An examination of the invoices accompanying the motion now before me indicates that the time between the first entry on the invoice, dated February 23, 2011, to the last entry, dated May 24, 2012,[10] was devoted to preparing the complaint and the motion for summary judgment that I granted in part and denied in part on March 20, 2012, nearly one year after Judge Kessler issued her consent order. See Johnson v. D.C., Civil Action No. 11-494, [#21].

Significantly, Judge Kessler stated the following in her consent order:

> Upon consideration of the Joint Motion for Consent Judgment for Attorneys' Fees and Costs filed April 7, 2011, Plaintiffs and Defendants having agreed on the amount of reasonable attorneys' fees and costs sought in this action, entry of this judgment will fully settle all claims made by Plaintiffs herein . . . Plaintiffs are awarded $28,000.00 as full payment for the attorneys' fees and costs incurred in connection with the prosecution of the proceeding in this Court, including the fees and costs related to litigating issues with respect to fees.

Cox v. D.C., Civil Action No. 09-1720, [#23] at 1.

---

[8] See Johnson v. D.C., Civil Action No. 11-494, [#21] at 16-18.
[9] See Johnson v. D.C., Civil Action No. 11-494, [#21] at 18.
[10] See Johnson v. D.C., Civil Action No. 11-494, [#29-4] at 1-3.


Defendant contends, however, that the above consent order, which was issued one month after the instant action, Civil Action No. 11-494, was filed, resolves all fees issues, including any demand for fees relating to drafting plaintiffs' fee petition:

> The language in the April 11, 2011 consent order was intended to, and clearly does, resolve the issues of any and all fees incurred by Plaintiffs Johnson and Smith stemming from the June 19, 2009 and August 20, 2009 hearing officer decisions respectively. Specifically, the Order states, "Plaintiffs are awarded $28,000.00 as full payment for the attorneys' fees and costs incurred in connection with the prosecution of the proceeding in this Court, including the costs related to litigating issues with respect to fees." *See* Exhibit 1. Thus, the Order, signed a month after Plaintiffs filed the instant complaint, settles fees incurred by Plaintiffs related to the June 19, 2009 and the August 20, 2009 hearing officer decisions, including fees-on-fees. In entering into the April 11, 2011 consent order, the parties intended to conclude the matter of fees fully and finally. All invoices for which Plaintiffs seek additional payment herein were submitted to DCPS while *Cox* was pending. The complaint in *Cox* was filed on September 10, 2009 and the final order was issued on April 11, 2011. The instant complaint referenced invoices sent to DCPS on December 30, 2009, June 1, 2010, and March 26, 2010. *See* Complaint. Because the consent order entered into on April 11, 2011 encompassed these fee requests, Plaintiffs' instant motion seeking reimbursement of fees for pursuing DCPS for not paying these invoices should be denied.

Johnson v. D.C., Civil Action No. 11-494, Defendant's Opposition to Plaintiffs' Petition for Fees [#32] at 6.

In its answer to the complaint, filed on March 30, 2011, defendant asserted three defenses: 1) failure to state a claim; 2) plaintiffs seek unreasonable fees; and 3) plaintiffs seek fees for services that are not compensable. Johnson v. D.C., Civil Action No. 11-494, [#7] at 3.

Defendant did not, however, move to amend that answer when, twelve days later, Judge Kessler issued the consent order quoted above, in order to clarify that plaintiffs had now been compensated in the Cox case for the same services they sought in the Johnson case, which was before me.  Instead, in its next filing in the Johnson case, its opposition to plaintiffs' motion for summary judgment, defendant argued only that plaintiffs' hourly rates were too high and that certain charges listed by plaintiffs were unreasonable in that they were 1) for clerical rather than legal tasks; and 2) for routine costs that were more appropriately considered part of plaintiffs' counsel's overhead expenses. Johnson v. D.C., Civil Action No. 11-494, [#15] at 4-12.

Surely, if defendant truly believed that the April 11, 2011 order disposed of, once and for all, all claims for fees and costs that plaintiffs could make, including the ones they were making in the case before me, it would have said so in its opposition to plaintiffs' motion for summary judgment.  Obviously, defendant could not plead in its answer in the Johnson case that the consent order had already compensated plaintiffs for their claims because the answer was filed before the April 11, 2011 consent order was issued.  But, defendant's failure to make that argument in its opposition to plaintiffs' motion for summary judgment, which was filed three months *after* the consent order, counts against it now.  If defendant was convinced that all claims were settled by the April 11, 2011 order, why did it not make that point in July 2011, when it filed its opposition?

In an enigmatic footnote in its opposition, defendant argues that its failure to raise the defense earlier should not preclude it from doing so now. Johnson v. D.C., Civil Action No. 11-

494, [#32] at 6 n.3 ("While Defendant did not raise this order as a defense earlier in the action, it should not be precluded from doing so now."). Yet, Rule 12 of Federal Rules of Civil Procedure requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). The Federal Rules also permit a party to amend its pleadings "once as a matter of course within (A) 21 days of serving it . . ." Fed. R. Civ. P. 15(a)(1)(A). Defendant therefore has no excuse for failing to amend its answer to assert that plaintiffs' claims had already been settled by Judge Kessler's issuance of the April 11, 2011 consent order. Defendant had nine days left (of the 21 day allowance) to amend its answer or, what would have made even more sense, to move for summary judgment on the grounds that the claims asserted had been settled and paid. Instead, defendant sat on its obligation to amend its answer or move for summary judgment, and proceeded to litigate the claim on its merits.

Moreover, whatever the legitimacy of defendant's argument as to the fees granted in part and denied in part by my March 21, 2012 opinion, the consent order has nothing to do with the matter now before me. Plaintiffs' current motion seeks the fees and costs pertaining to plaintiffs' counsel's efforts to secure a favorable resolution of the petition that I resolved by my March 21, 2012 opinion. As noted above, that petition covered services provided to plaintiffs from February 23, 2011 to May 24, 2012 in the Johnson case. See Johnson v. D.C., Civil Action No. 11-494, [#29-4] at 1-3. The April 11, 2011 consent order, on the other hand, speaks of settling "all claims made by Plaintiffs [in the Cox case]" and fees and costs "incurred in connection with the prosecution of the proceeding in this Court." See Cox v. D.C., Civil Action

6

No. 09-1720, [#23] at 1.  A claim submitted to me in the Johnson case for services performed by plaintiffs' counsel to secure a favorable judgment from me in 2012 in the Johnson case cannot possibly be the same as a claim submitted to Judge Kessler in the Cox case for services performed by plaintiffs' counsel to secure a consent order from Judge Kessler in 2011 in the Cox case.  The fees sought in the Johnson case before me were not "incurred in connection with the prosecution of the proceeding"[11] before Judge Kessler.

Moreover, defendant's claim, reproduced above, that "[a]ll invoices for which Plaintiffs seek additional payment herein were submitted to DCPS while *Cox* was pending,"[12] is simply incorrect.  The invoice now before me was submitted on May 25, 2012, more than one year after the consent order was issued.[13]  It is impossible for the consent order to have resolved plaintiffs' request for services that had not yet been rendered and for which an invoice had yet been submitted.

II.     Plaintiffs are Prevailing Parties

Defendant's next argument is that plaintiffs are not prevailing parties because they failed to obtain the full amount of attorney's fees they sought from me.  The issue, however, is whether plaintiffs prevailed in the underlying IDEA action, which they clearly did.  In other words, plaintiffs' status as prevailing parties is based on whether there was an alteration in the legal relationship between the parties by virtue of the result of the administrative hearing, not on whether

---

[11] See Cox v. D.C., Civil Action No. 09-1720, [#23] at 1.

[12] Johnson v. D.C., Civil Action No. 11-494, [#32] at 6.

[13] See Johnson v. D.C., Civil Action No. 11-494, [#29-4].

7

they were able to recoup all the attorney's fees and costs they expended in a subsequent judicial action. Indeed, any other result would nullify Judge Kessler's unequivocal holding that plaintiffs are prevailing parties and entitled to attorney's fees. See Cox v. D.C., Civil Action No. 09-1720, Memorandum Opinion [#18] at 17 n.10. It is the amount, not the entitlement, that is in issue.

III.   Application of the DCPS June 1, 2012 Guidelines

Plaintiffs seek reimbursement at a rate of 1) $450 per hour for work performed by attorney Elizabeth T. Jester; and 2) $125 per hour for work performed by her paralegal, Mery Williams. Johnson v. D.C., Civil Action No. 11-494, [#29-1] at 2-4.

In my March 20, 2012 opinion, I concluded that it was appropriate to reimburse plaintiffs' counsel at an hourly rate of $400. Johnson v. D.C., Civil Action No. 11-494, [#21] at 8. I also stated the following:

> Until a more scientific approach is taken, I will not quarrel with the conclusion of Judge Kessler, based on the representation of counsel of her hourly rate, that she be reimbursed 1) at a rate of $400 per hour for work performed by Jester through December 31, 2009, and 2) at a rate of $125 per hour for all paralegal staff . . . I further find, however, that the upward adjustment [requested by plaintiff] from $400 to $450 for work performed in 2010 is not justified. The economic reality underlying the Laffey matrix is that legal services, like all other goods and services, increase in cost and that the consumer price index is a reliable indicator of how much the cost of services increases each year. In 2010, the Laffey rate increased from $465 to $475. I will use the same adjustment and use a rate of $410 for the services rendered in 2010.

Id.

Since I issued that opinion, however, the DCPS promulgated "Guidelines for the Payment of Attorney Fees in IDEA Cases." See Exhibit 1. According to the new guidelines, issued June 1, 2012, DCPS indicated that it would now approve payment of 75% of the Laffey rate. Id. at 2 n.1.

Since the Guidelines apply to invoices submitted after June 1, 2012 and to work performed between June 1, 2011 through May 31, 2012, they therefore apply to all the service performed by plaintiffs' counsel after June 1, 2011. However, since the Guidelines were promulgated after the briefing in this case, the parties have not had the opportunity to address their application here.[14] Two questions now emerge: 1) Whether plaintiffs accept the Guidelines rate for all services provided in the period in question, *i.e.*, February 23, 2011 to May 24, 2012; and 2) Whether defendant concedes plaintiffs' entitlement to the Guidelines range for services provided before June 1, 2011, *i.e.*, in the period February 23, 2011 to May 31, 2011. If both parties answer in the affirmative, they will file a joint stipulation within 14 days of the date of this opinion and the court will apply the Guidelines rate to all services claimed.

If the parties do not agree, they will have to file supplemental briefs as follows. If plaintiffs refuse to accept the Guidelines rate, they will file a brief, within 14 days of this opinion, indicating why that rate is unreasonable and why the greater Laffey rate should apply. Defendant may file a response within 7 days thereafter, and plaintiffs may reply thereto within 7 days. If defendant refuses to pay the Guidelines rate for services provided before June 1, 2011, it shall file a brief,

---

[14] Obviously, I consider them binding on defendant for all services provided after June 1, 2011.

within 14 days of this opinion, justifying its position.  Plaintiffs may respond thereto within 7 days, and defendant may reply thereto within 7 days.

IV.     An Additional Award of Attorney's Fees and Costs is Appropriate

Defendant's final argument in opposition to plaintiffs' petition is that plaintiffs have already received a substantial amount, nearly $100,000, and should not be awarded any more. Johnson v. D.C., Civil Action No. 11-494, [#32] at 8-9.  Defendant also argues that "[c]ommon sense dictates that paying attorneys to pursue disabled student's rights at private firm rates and billing practices in contrary to the purpose of the IDEA when it substantially depletes the funds available to provide services and support the disabled students the IDEA is designed to help." Id.  Defendant's argument, however, is unpersuasive.

First, although defendant claims that plaintiffs have already received nearly $100,000, it is unclear what that figure refers to.  The Court notes that in the Cox case, plaintiffs initially sought $92,134.48 in attorney's fees and costs for work performed on behalf of four children, as illustrated in the chart below.

|   | Cox Plaintiffs | Amount Sought |
|---|---|---|
| 1. | Thomas Cox, Sr. and Delores Lewis (on behalf of D.C.) | $21,722.20 |
| 2. | Lena Johnson (on behalf of E.J.) | $35,032.46 |
| 3. | Brenda Smith and Xane Smith (on behalf of B.S.) | $26,535.28 |
| 4. | Karen Turley and Michael Turley (on behalf of R.T.) | $8,844.54 |
| | TOTAL | $92,134.48 |

Cox v. D.C., Civil Action No. 09-1720, Complaint [#1] at 1-5.

However, on November 24, 2009, plaintiffs dismissed the claims filed by D.C. and R.T. Cox v. D.C., Civil Action No. 09-1720, Plaintiffs' Notice of Dismissal of Two Claims [#5] at 1. Therefore, in the Cox case, plaintiffs only sought $61,567.74, reimbursement for the work performed on behalf of E.J. and B.S. In satisfaction of those claims, plaintiffs were paid $48,269.30, as depicted in the chart below:

| INVOICE DATE | CASE | AMOUNT SOUGHT | DATE PAID / AWARDED | AMOUNT PAID / AWARDED |
|---|---|---|---|---|
| E.J. Invoice 12/09 | Johnson | $8,652.12[15] | 4/19/10 | $6,251.80[16] |
|  |  |  | 2/4/11 | $2,060.00[17] |
| E.J. Invoice 6/10 | Johnson | $5,406.22[18] | 8/10/10 | $3,306.58[19] |
|  |  |  | 2/4/11 | $1,106.58[20] |
| B.S. Invoice 3/10 | Johnson | $7,411.98[21] | 5/12/10 | $4,932.32[22] |
|  |  |  | 2/4/11 | $1,652.32[23] |
|  | Cox |  | 4/11/11 Consent Order [#23] | $28,000.00 |
| E.J. Invoice 12/09 E.J. Invoice 6/10 B.S. Invoice 3/10 | Johnson |  | 3/20/12 Memorandum Opinion [#21] | $244.70 |
| (Same as above) | Johnson |  | 4/27/12 Order [#27] | $715.00 |
| TOTAL |  |  |  | $48,269.30 |

---

[15] Johnson v. D.C., Civil Action No. 11-494, [#14-6] at 1.

[16] Johnson v. D.C., Civil Action No. 11-494, [#14-8] at 1.

[17] Johnson v. D.C., Civil Action No. 11-494, [#14-10] at 1.

[18] Johnson v. D.C., Civil Action No. 11-494, [#14-11] at 1.

[19] Johnson v. D.C., Civil Action No. 11-494, [#14-13] at 1.

[20] Johnson v. D.C., Civil Action No. 11-494, [#14-15] at 1.

[21] Johnson v. D.C., Civil Action No. 11-494, [#14-17] at 1.

[22] Johnson v. D.C., Civil Action No. 11-494, [#14-19] at 1.

[23] Johnson v. D.C., Civil Action No. 11-494, [#14-21] at 1.

Second, the IDEA provides that courts may, in their discretion, award attorney's fees and costs to prevailing parties. See 20 U.S.C. § 1415(i)(3)(B). That monies used to reimburse prevailing parties are taken from the same fund used to provide services for disabled students, while regrettable, is no reason to deny plaintiffs the reimbursement they are due. After all, had defendant not failed these students in the first instance, their parents would not have had to hire an attorney and incur the costs (both emotional and monetary) associated with obtaining a free and appropriate education for their children, which, of course, is their rightful due under the law. To quote Judge Kessler in the Cox case, "[w]hat undergirds the request for attorneys' fees, and what caused the extensive legal work necessary to properly and effectively represent Plaintiffs' clients are two deeply distressing stories about the failure of the District of Columbia to provide absolutely necessary special education services to two children who desperately needed them." Cox, 754 F. Supp. 2d at 68.

Finally, plaintiffs' entitlement to reimbursement for the attorney's fees and costs spent on securing the attorney's fees and costs incurred in the underlying action, also known as "fees for fees" is well established in this circuit. Kaseman v. District of Columbia, 444 F.3d 637, 641 (D.C. Cir. 2006) ("Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'"); Envtl. Def. Fund v. EPA, 672 F.2d 42, 62 (D.C. Cir. 1982).[24]

---

[24] See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest., 771 F.2d 521, 528 (D.C. Cir. 1985);

13

**CONCLUSION**

The parties will file either the required stipulation or the required briefs and the Court will then issue its final ruling. An Order accompanies this Memorandum Opinion.

                                                      JOHN M. FACCIOLA
                                                      UNITED STATES MAGISTRATE JUDGE

---

Sierra Club v. EPA, 769 F.2d 796, 811 (D.C. Cir. 1985).